UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF WASHINGTON

JULIE POSTMA, et al.

Plaintiff,

v.

CAROLYNN COMSTOCK, et al.,

Defendants.

NO.  2:25-CV-02036-SAB

**ORDER GRANTING MOTION TO DISMISS; REMANDING ACTION**

Before the Court are Plaintiffs' Julie Postma and Kathleen DeMaria and Third-party City of Seattle' Defendant's Stipulated Motion for Order Clarifying Removal, ECF No. 15, Third-party Defendant Google, Inc.'s Motion to Dismiss, ECF No. 10, Third-party City of Seattle Defendant's Motion to Dismiss, ECF No. 16, and Third-party Defendant LinkedIn's Motion to Dismiss, ECF No. 25. The motions were heard without oral argument. Plaintiffs Julie Postma and Kathleen Demaria are represented by Martin Burns. Third-party City of Seattle Defendants are represented by Catherine E. Riedo and Dallas LePierre. Third -party Defendant Linkedin Corp. is represented by Nicole Demon. Third-party Defendant Google LLC is represented by Erin Earl. Defendants/Third-party Plaintiffs Carolynn Comstock and Jim Owen are representing themselves in this matter.

**Underlying Facts**

On October 10, 2025, Plaintiffs filed a Complaint in King County Superior Court against Defendants/Third-party Plaintiffs Carolynn Comstock and Jim Owen

**ORDER GRANTING MOTION TO DISMISS; REMANDING ACTION**

~ 1

for breach of lease.[1] Apparently, Defendants/Third-party plaintiffs were evicted from property owned by Plaintiffs. Judgment as entered for a writ of restitution, judgment for rents in the amount of $4,791.84, attorney fees in the amount of $1,515 and costs in the amount of $506.47. After Plaintiff obtained possession of the property, Plaintiffs discovered extensive damage. Plaintiffs sued for $37,065.71. Then, Ingrid Johnson filed a *pro se* counterclaim in that case, alleging the Seattle Public School unlawfully and malicious refused to provide mandatory information for the recovery of a minor, and committed RICO violations, obstruction of justice, aiding and abetting kidnapping, fraud, wire and mail fraud and racketeering.

Then, Defendants/Third-party Plaintiffs Comstock and Owen filed counterclaims against Plaintiffs and additional Third-party Defendants that seemingly were involved in a custody dispute involving their grandchildren. They named a number of corporations, including Apple, Inc., Microsoft Corporation, OpenAI, Inc., Meta and Google for possible surveillance violations and other alleged bad conduct. They indicated they were bringing claims for RICO violations, Wiretap Act Violations, Conspiracy Against Rights, Fraud and Mortgage/Tax Fraud, Civil Rights Violations, 42 U.S.C. § 1983, 1985, 1986), Intentional Infliction of Emotional Distress, Digital Surveillance, Behavioral Manipulation, Privacy Violations, money laundering, and any additional claims proven at trial. They then filed an amended complaint adding additional corporations, including Amazon.com, TikTok, and LinkedIn.

Then, they filed an Amended Answer and added more defendants, including King County prosecutors and judges—asserting claims regarding the "illegal eviction, kidnapping and ongoing deprivation of custody of their daughter and grandson—and filed another document that purportedly added new third-party

---

[1] *Postma et al. v. Comstock, et al.*, Case No. 25-2-15751-2.

**ORDER GRANTING MOTION TO DISMISS; REMANDING ACTION**
~ 2

defendants and asserted RICO violations. Then they filed an Amended Counter-Complaint adding Corporation Service Co as a Third-party Defendant.

Then, they filed another Amended Countercomplaint, adding multiple Third-party Defendants and adding Ingrid Johnson as a Counter-complaintant, It appears Ms. Johnson is Ms. Comstock's daughter. Another document was filed by Third-party Plaintiffs Comstock and Owen, and it added King County Employees for RICO violations. Finally, another document was filed addressing the Seattle Public School alleged new RICO violations.

The Third-party City of Seattle Defendants removed this action to the Western District of Washington because Third-party Plaintiffs Comstock and Owen asserted counterclaims against them under 42 U.S.C. § 1983.

**Motion Standard**

To survive a motion to dismiss under Rule 12(b)(6), a complaint must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is plausible on its face when "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). As the Ninth Circuit explained:

> To be entitled to the presumption of truth, allegations in a complaint or counterclaim may not simply recite the elements ofissed a cause of action but must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively. The factual allegations that are taken as true must plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation.

*Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011).

When evaluating a Rule 12(b)(6) motion, the court must draw all reasonable inferences in favor of the non-moving party. *Usher v. City of Los Angeles,* 828 F.2d 556, 561 (9th Cir. 1987). However, the court is not required to accept

**ORDER GRANTING MOTION TO DISMISS; REMANDING ACTION**
~ 3

conclusory allegations as true or to accept any unreasonable inferences in a complaint. *In re Gilead Scis. Sec. Litig.*, 536 F.3d 1049, 1054 (9th Cir. 2008).

### Third-party Defendant Google's Motion to Dismiss

Third-party Defendant Google asks to be dismissed from this action because it has no connection to the lease dispute at issue in this action. It also asserts it was not properly served, it is not a proper Third-party Defendant, Third-party Plaintiffs waited over fifty days after filing their answer to file third-party claims, but never sought leave of court to do so, and finally, Third-party Plaintiffs failed to state a claim upon which relief may be granted.

Third-party Plaintiffs Comstock and Owen did not file a response.

For the reasons presented in the motion, the Court grants the motion and dismisses Third-party Defendant Google from this action.

### Third-party City of Seattle Defendants

Third-party City of Seattle Defendants ask the Court to dismiss them from this action because Third-party Plaintiffs have failed to provide sufficient factual allegations that could plausibly suggest some liability on the part of the City of Seattle Defendants. The Court agrees.

Third-party Plaintiffs Comstock and Owen did not file a response. Third-party City of Seattle Defendants are dismissed from this action because Third-party Plaintiffs failed to state a claim upon which relief may be granted.

### Third-party Defendant LinkedIn's Motion to Dismiss

Third-party Defendant LinkedIn asks to be dismissed from this action because of insufficient service of process; it is an improper party in this action, the Third-party Plaintiffs lack article III standing, the Third-party Plaintiffs' complaint fails to state a claim upon which relief can be granted, and their complaint should be dismissed because they are acting as puppets for Ingrid Johnson, who is subject to a vexatious litigant order.

Third-party Plaintiffs Comstock and Owen did not file a response.

**ORDER GRANTING MOTION TO DISMISS; REMANDING ACTION**

~ 4

For the reasons presented in the motion, the Court grants Third-party Defendant LinkIn's Motion to Dismiss, and dismisses it from this action.

### Failure to Serve; Failure to Obtain Leave to Amend

There is nothing in the record to indicate that Third-party Plaintiffs properly served the Third-party Defendants. Also, Third-party Plaintiffs failed to obtain leave of the Court to amend their pleadings to add new claims and Third-party Defendants. As such, all Third-party Defendants are dismissed from this action.

### Remand

Given that the third-party Defendants have been dismissed, there are no remaining federal causes of action. The Court no longer has subject matter jurisdiction over this action and it declines to exercise supplemental jurisdiction over any remaining state law claims. *See United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 726 (1966) (cautioning federal courts on exercising jurisdiction over state law claims if federal claims are dismissed).

Accordingly, **IT IS ORDERED:**

1. Third-party Defendant Google's Inc. Motion to Dismiss, ECF No. 10, is **GRANTED**.

2. Third-party Defendant City of Seattle's Motion to Dismiss, ECF No. 16, is **GRANTED**.

3. Third-party Defendant LinkedIn's Motion to Dismiss, ECF No. 25, is **GRANTED.**

4. Plaintiffs' Julie Postma and Kathleen DeMaria and the Defendant City of Seattle's Stipulated Motion for Order Clarifying Removal, ECF No. 15, is **DENIED**, as moot.

5. All other pending motions are **dismissed, as moot**.

6. All Third-Party Defendants are **dismissed**.

//

//

**ORDER GRANTING MOTION TO DISMISS; REMANDING ACTION**
~ 5

7. The above-captioned action is **remanded** to King County Superior Court.

**IT IS SO ORDERED**. The District Court Clerk is hereby directed to enter this Order, provide copies to the pro se parties and counsel, and **close** the file.

**DATED** this 26th day of January 2026.

_____

Stanley A. Bastian

District Judge

**ORDER GRANTING MOTION TO DISMISS; REMANDING ACTION**

~ 6